T. G. MORRIS, Administrator, etc., Respondent, v. ARTHUR HALL et al., Appellants.

Kansas City Court of Appeals, November 9, 1903.

1. **Wills: CONSTRUCTION: RULES.** A will must be construed in accordance with the intention of the testator; and where the language is not absolutely clear, the testator's environment may be considered in aid thereof; but if the language is plain, it must be construed as written and the plain intent cuts out speculation.

2. ——: ——: **RENTS: GIFTS.** A will set out in the opinion is construed to mean that the testator's bequest to his wife of the rents of the farm was a gift *in praesenti*, and though the period and the amount was uncertain and contingent, the gift is not.

Appeal from DeKalb Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Thos. E. Turney* for appellant.

(1) The provision giving to Mrs. Hall the net income of the estate was intended by the testator for her support until the legacy of $4,500 was paid, and ceased

or lapsed at her death, unless the provision is a vested legacy transmissible to her heirs. It is not a legacy at all, but a provision for support. McMillan v. Farron, 141 Mo. 55; Roth v. Rauschman, 73 S. W. 665. (2) It is not a vested legacy because payments under it were to be made in future upon an uncertain event, that is, upon the executor's inability to sell the farm at $50 per acre. "A vested legacy is one payable at a future time certain to arrive." 18 Am. and Eng. Ency. Law (2 Ed.), title, "Legacies," p. 731, and authorities cited; Owen v. Eaton, 56 Mo. App. 563; Caudler v. Denkle, 4 Watts (Pa.) 143. (3) If a legacy at all it was a conditional or contingent one, because it was payable in future and a sale of the farm whenever made defeated it. 18 Am. and Eng. Ency. of Law (2 Ed.), pp. 731 and 732, title, "Legacies," and authorities cited. Owen v. Eaton, 56 Mo. App. 563. (4) Conditional or contingent legacies are not transmissible, but lapse on the death of the legatee. 18 Am. and Eng. Ency. of Law (2 Ed.), pp. 748-749, title, "Legacies." In support of the text is cited decisions of England, California, Iowa, Massachusetts, New Jersey, New York, Ohio, Pennsylvania and Texas. To these might have been added Missouri, for the same principle is asserted in Bramell v. Adams, 146 Mo. 88, in the court's construction of section 4613, Revised Statutes 1899. Owen v. Eaton, 56 Mo. App. 568.

*Hewitt & Blair* for respondent.

(1) In the construction of wills the "cardinal principle," "the polar star," is the intent of the testator. 1 Redfield on Wills, star page 422; 3 Jarman on Wills, p. 700; Owens v. Ellis, 64 Mo. 81; Allison, Exr., v. Chaney, 63 Mo. 282; Crecelius v. Horst, 78 Mo. 566; Mersman v. Mersman, 136 Mo. 256; R. S. 1899, sec. 4650. (2) The intent is to be gathered from the will itself.

Garth v. Garth, 139 Mo. 462. (3) Even had the testator been so unfortunate as to have intended one thing and had expressed (in the will and by the will) another, the latter, i. e., the expressed intent, must control. Mersman v. Mersman, 136 Mo. 255. (4) The business of courts is to interpret, not to make, wills. Garth v. Garth, 139 Mo. 464. (5) The possible sale of the farm was a condition subsequent and did not prevent the vesting of the interest in the rents in Catherine A. Hall. 2 Redfield on Wills, star page 283; 2 Jarman on Wills, p. 516. (6) All vested estates, it is clear, are devisable and transmissible, even where liable to be defeated by condition subsequent. 2 Redfield on Wills, star pages 245-246. (7) No estate will be held contingent unless very decisive terms of contingency are used in the will or unless it is necessary to hold the same contingent in order to carry out the other provisions or implications of the will. 2 Redfield on Wills, star pages 244-245. (8) The law favors the vesting of legacies. 6 Lawson on Rights, Rem. and Prac., par. 3269; 2 Redfield on Wills, star page 215; 2 Jarman on Wills, p. 406; Collier's Will, 40 Mo. 321. (9) As a will takes effect from the death of the testator, any devise or bequest in favor of a person *in esse*, simply i. e., without any intimation of a desire to suspend or postpone its operation, confers an immediate vested interest. Collier's Will, 40 Mo. 321; 2 Jarman on Wills, p. 406; 2 Redfield on Wills, star page 215. (10) In cases of doubt the courts will construe the interest to be vested. 6 Lawson on Rights, Rem. and Prac., par. 3269; 3 Jarman on Wills, p. 719; Chew v. Keller, 100 Mo. 368, and cases cited. (11) In this case the interest in the rents was a vested one and passed to the representative of the widow. Collier's Will, 40 Mo. 321, and cases cited; Jarboe v. Hey, 122 Mo. 348; Chew v. Keller, 100 Mo. 368, and cases cited; Patrick v. Blair, 119 Mo. 113, and cases cited.

ELLISON, J.—Stephen Hall died in February, 1895, leaving a widow and a will, of which the following is a copy of the parts in question:

2. "That my wife Catherine A. Hall, if she so elect, carry on my farm and have all the proceeds therefrom as well also all my personal estate for the period of one year from the first day of March following my death."

3. "I give and bequeath to my wife Catherine A. Hall for her sole and separate use all my household and kitchen furniture, beds and bedding, books and pictures, all household supplies of every kind, one horse such as she may choose, also harness and buggy, one cow such as she may choose, and the sum of forty-five hundred dollars, and also the entire net income of all my estate, real and personal, until such time as said sum of forty-five hundred dollars shall be paid her by my executor, as hereinafter provided, which provisions for my said wife as above specified is in lieu of dower, homestead and all other marital statutory rights."

4.    (Bequest of $250 to Ida Knizeley.)

5.    (Bequest of residue to grandchildren.)

6. "I hereby appoint Charles W. Baker of DeKalb county, Missouri, executor of this my last will and testament. It is my will and I hereby direct my said executor to deliver to my said wife all the stock, farming implements and other property on my farm to my wife to be by her used, together with my farm for the period of one year from the first day of March following my decease for her own use and benefit, at the end of which time my executor shall sell, at public auction, such personal estate as now required by law. It is my will and I hereby authorize and direct my said executor to annually rent to the best obtainable tenant my farm described as follows . . . for the period of five years unless before the expiration of that period he can sell it for fifty dollars per acre, in which case he is authorized to sell it. At the expiration of said five years my said executor is authorized to both sell and convey

my said real estate for the price and best terms of which he is able, and at the time of so selling and conveying said property he shall pay the bequests hereby provided for.''

Mrs. Hall had the use of all of the property of the estate the first year, that is, from March, 1895, to March, 1896. She died in May, 1896, and the plaintiff is her only heir and is administrator of her estate. The executor could not, or at least did not, sell the farm for $50 per acre as empowered by the will. He therefore rented it by annual leases for five years, receiving rents aggregating more than $1,500. In November, 1901, the executor sold the farm for $6,000 cash. He then made final settlement of the estate and applied to the probate court for an order of distribution. That court ruled that the income of the estate given to Mrs. Hall by the will, was intended by the testator only for her support until the $4,500 was paid to her; that it was conditional or contingent upon the inability of the executor to sell the farm at $50 per acre; that it was not a vested bequest and was not transmissible to her heirs, but lapsed at her death just after the expiration of the first year. Plaintiff appealed to the circuit court, which sustained plaintiff's theory and ruled that Mrs. Hall took a vested interest in all the rents of the farm up to the year in which it was sold, and such rents should therefore be distributed to plaintiff as her heir.

In our opinion, the trial judge put the proper construction on the will. It is fundamental that a will must be construed in accordance with the intention of the testator. Such is the rule constantly applied by our Supreme Court. Crecelius v. Horst, 78 Mo. 566. Our statute so directs that it shall be. R. S. 1899, sec. 4650. Where the language used by the testator is not absolutely clear, his environment may be considered in aid of the language. Garth v. Garth, 139 Mo. 456. But where the will is plain in its terms, it must be construed as written. The intent, as plainly expressed, will cut

out speculation. Ib.; Mersman v. Mersman, 136 Mo. 244.

There is no difference between the parties as to these rules of interpretation, but defendants say that the gift of the rents of the farm to Mrs. Hall was not absolute; that it was contingent upon the happening (at any time within five years) of a sale of the farm. They rely much upon the case of Owen v. Eaton, 56 Mo. App. 563. In our opinion that case does not support defendants' view. The conditions lacking in that case to make an absolute gift *in praesenti* are found to exist in this case. The reasoning in that case and the authorities relied upon support the judgment rendered in this case.

Sections 3 and 6 of the will in controversy should be read together. It is clear that section 3 makes a gift, *in praesenti*, of the rent of the farm for a period named. The period is uncertain, but the gift is not. The testator gives to Mrs. Hall five years' annual rent of the farm, not conditioned if she shall live, but absolute and only subject to be lessened by a sale of the farm at $50 an acre before that period expires. So it is clear that while the *amount* of the gift is contingent, the gift itself is absolute. In such case it vests *in praesenti*. It may be, as contended by defendants, that the testator was induced to give his wife the rent as a means of support until she should receive the $4,500 from the proceeds of a sale of the farm. While that may have been the cause, it does not alter the character of the gift. He did not restrict the gift with a condition that she use it, or needed it for her support.

The judgment should be affirmed. All concur.