GARTH, *Appellant*, v. GARTH.

In Banc, June 8, 1897.

1. **Will**: INTENTION: TESTATOR'S CIRCUMSTANCES. In the construction of a will the testator's intention must be gathered from the terms of the will itself, unless inconsistencies or ambiguities in the language used make the intention doubtful, in which case the situation of the testator, the objects of his bounty and all surrounding facts may be considered; but however unjust may be that intention, it must be regarded, for courts may interpret wills, not make them.

2. ———: MEANING OF WORDS. The meaning the testator gave to words used in his will should be adopted without resorting to lexicographers to determine what the same words may mean in the abstract, and without resorting to adjudicated cases to determine what they have been decided to mean under different circumstances.

3. ———: ———: AMOUNT: PRINCIPAL AND INTEREST. In describing three notes that had been advanced by the testator, he stated the principal and rate of interest of each, and then declared that the legatee should be charged with the "amount" of such notes. *Held*, that the word "amount," under the circumstances of this case, meant the aggregate or sum of the principals of the three notes.

4. ———: INTERPRETATION. The general intent and the particular intent of the testator being inconsistent, the general intent must govern; the predominant idea in the testator's mind must be heeded against all conflicting provisions that might defeat it.

5. ———: INTEREST CHARGES ON ADVANCEMENTS. The testator, in disposing of an estate amounting to over $100,000, gave in trust to a grandchild two years old, the only child of a deceased son, $9,000, from which were to be deducted three notes for money loaned the child's father. The notes with principal and interest amounted to $8,250, at testator's death, and without interest to $4,000. The will directed

that the balance should be invested to the best advantage, and the interest arising therefrom was to be used "for the maintenance and education" of said child; and that when he should arrive at the age of twenty-one years the principal should be paid to him. If interest were to be charged on the notes the amount would have overbalanced the $9,000 legacy had the testator lived thirteen months longer. No prejudice by the testator against the child was shown, and the amount given to each other grandchild was $4,000, while if interest was counted against this legatee he would have only $750. *Held*, that the evident intention of the testator was to provide for "the maintenance and education" of the child, and with this intention in mind he could not have intended to charge him with interest on the notes, and this conclusion is strengthened by the circumstances of the case.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED (*with directions*).

*Odon Guitar* for appellant.

(1) That the "intention" of the testator shall control in the construction of wills is a rule universally recognized by the courts of this country. R. S. 1889, sec. 8916; *Nichols v. Boswell et al.*, 103 Mo. 151; *Small v. Field, Green et al.*, 102 Mo. 104; *Rose v. McHose, Ex'rs*, 26 Mo. 590; *Murphy v. Carlin et al.*, 113 Mo. 112; *Redman v. Barger*, 118 Mo. 568. (2) Where necessary to explain inconsistencies, or doubtful expressions in a will, the situation of the testator, the objects of his bounty, and all the surrounding circumstances may be considered. *Hall v. Stephens*, 65 Mo. 670; *Noe v. Kern*, 93 Mo. 367; *Suydam v. Thayer*, 94 Mo. 49; *Nichols v. Boswell*, 103 Mo. 151; *Small v. Field, Green et al.*, 102 Mo. 104. (3) In the construction of wills, all minor considerations must yield to the general intention of the testator. "The controlling guide to a court is to ascertain the intention of the testator." *Smith v. Hutchinson*, 61 Mo. 83; *Suydam v. Thayer*, 94 Mo. 49. (4) The true province of courts in giving

practical construction to wills is to disregard technical rules, where they stand in the way of the manifest intention of the testator. *Mead v. Jennings*, 46 Mo. 91; *Suydam v. Thayer*, 94 Mo. 49; *Dugans v. Livingston*, 15 Mo. 230; *Rose v. McHose's Ex'rs*, 26 Mo. 590; *Hall v. Howdeshell*, 33 Mo. 475; *Gains v. Fender*, 57 Mo. 342; *Peters v. Carr*, 16 Mo. 54. (5) The meaning of terms may be enlarged, circumscribed, or changed to effectuate the intention of the testator," but never to defeat or thwart it. *Dugans v. Livingston*, 15 Mo. 230; *Peters et al. v. Carr et al.*, 16 Mo. 54; *Crecelius v. Horst*, 78 Mo. 566; Schouler, Wills, secs. 470, 472, 475, 477. (6) To effectuate the intention of the testator in this case, it is not necessary to add to, take away, or transpose a single word or sentence in his will, nor is it necessary to qualify the meaning or sense of a single expression or word used by him, nor to run counter to the rules of interpretation and recognized doctrines of adjudged cases, notwithstanding the accepted maxim "every will is a law unto itself." Schouler, Wills, secs. 462, 463, 464, 476, 477, 468. (7) It is settled that a will has no force, and does not take effect until the death of the testator. Schouler on Wills, sec. 486; 1 Redfield on Wills [3 Ed.], 379. (8) The testator intended the interest on the balance after deducting the notes described, to be used in "the education and maintenance of James Garth."

*N. T. Gentry* and *Draffen & Williams* for respondent.

(1) The object of the courts in the construction of a will is to ascertain the intention of the testator as expressed therein, and to carry that into effect. This intention must be determined from the words of the will, as applied to the subject-matter, and in the light of the circumstances surrounding the testator. *Small*

*v. Field*, 102 Mo. 104; *Nichols v. Boswell*, 103 Mo. 151. (2) The testator in the case at bar, at the time he made his will, held three interest-bearing notes of James M. Garth, the father of plaintiff. These notes represented debts, and not advancements. He had also made advancements to the said James M. Garth, as shown by the first clause of the will. The testator expressly states that said notes were bearing interest. The fact that they bore interest was directly before his mind. He required that they should be taken by the trustee as part of the $9,000 set apart in trust for the plaintiff. The court below properly held that the amount due upon them at the death of the testator, when they were to be turned over as part of the $9,000, should be deducted from said sum.

MACFARLANE, J.—This suit is addressed to the equity side of the court, the purpose of which is to obtain the proper construction of the second item of the following will of Jefferson Garth, deceased.

"Item 1. I have already advanced to each one of my children, John R. Garth (now deceased), William G. Garth, Samuel A. Garth, Henry H. Garth, James W. Garth (now deceased), Walter W. Garth, and Lizzie Worley, the sum of nine thousand dollars ($9,000), which is to be charged as a part of their distributive share of my estate.

"Item 2. I will and bequeath to Walter W. Garth, in trust for my grandson, James Garth, son of my son James W. Garth, the sum of nine thousand dollars ($9,000), less the amount of the following described notes, which I hold against my said son, James M. Garth, to wit: One note dated October 9, 1881, for thirty-nine hundred dollars ($3,900), bearing eight per cent interest from date, credited by four hundred dollars October 9, 1881; one note for one hundred and

fifty dollars, dated January 21, 1882, and one note for one hundred dollars, dated March 17th, 1882, both bearing six per cent interest from date. I direct that said above described notes be taken by said trustee as part of said nine thousand dollars, and the balance thereof shall be invested by said trustee to the best advantage. The interest arising from the same shall be paid out by him for the maintenance and education of said James Garth, and when said James Garth shall arrive at the age of twenty-one years the principal shall be paid over to him. If, however, said James Garth should die before arriving at the age of twenty-one years without issue said trust fund shall revert to and become a part of my estate.

"Item 3. The residue of my estate I direct shall be divided into six (6) equal parts, one sixth of which I will bequeath to each of my children, William G. Garth, Lizzie Worley, Samuel A. Garth, and Walter W. Garth; one fourth of one sixth (6) part to each of my grandchildren, Archibald T. Garth, Squire T. Garth, Mary Clinkscales, and Maud Grant, children of my son, John R. Garth (deceased); one fourth of one sixth (6) to my granddaughter, Lizzie Crews, daughter of my son, Henry H. Garth, and three fourths of one sixth (6) to my son, William G. Garth, in trust for the use and benefit of my son, Henry H. Garth, and his wife, Rhodie A. Garth, which I direct shall be invested by said trustee to the best advantage, and the interest accruing therefrom shall be paid over to the said Henry H. Garth and Rhodie A. Garth for their maintenance and support, as often as in the judgment of said trustee he may think best. On the death of said Henry H. Garth this trust shall cease, and said trustee shall pay over any amount in his hands to Rhodie A. Garth and Lizzie Crews, who shall share the same equally.

"Item 4. I will and direct that all notes held by me at my death against any of the distributees under this will shall be taken by said distributees, or their trustee, as a part of their distributive share, whether said notes shall be barred by the statute of limitation or not.

"Item 5. I hereby appoint my son, Walter W. Garth, executor of this, my last will, and request the probate court of Boone county not to require said executor to give bond for the performance of his duties under this will.

"Said executor is hereby fully empowered to sell and convey any and all of my real estate, at public or private sale, for cash, or on time, as he may deem best.

"In testimony whereof, I have hereto set my hand and seal this 7th day of September, 1888."

James Garth, the legatee mentioned in the second item, was a grandson of the testator and son of James M. Garth mentioned in the first item. The will was dated on the seventh day of September, 1888, and the testator died in March, 1892. At the date of the will plaintiff was an infant, under two years of age. James M. Garth died before the execution of the will.

Walter W. Garth, as executor by answer, joins with plaintiff in asking a construction of the will, in order that he may be advised of his duties in distributing the estate.

The value of the estate left by the testator was estimated at $100,000 or more. The inventory of the estate, which was read in evidence, shows notes of some of the children of the testator, charged against them. These notes all bear interest. The claim of plaintiff is that, under a proper construction of the second item of the will, he is entitled to the sum of $9,000 after deducting therefrom the principal of the notes mentioned; or, at least, he is entitled to the sum of $9,000

less the principal and interest due on the notes at the time the will was executed.    Defendants claim that the amounts due on the notes, principal and interest, at the date of the death of the testator, should be deducted from $9,000, and what remains is the true amount to which plaintiff will be entitled on distribution.    The circuit court adopted the views of the defendants, and a decree was entered accordingly.    From this judgment plaintiff appealed.

I.    A statute of the State provides that:    "All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator in all matters brought before them."    R. S. 1889, sec. 8916. The same rule, independent of statutory mandate, has been the guide of the courts everywhere, and has been declared and enforced by this court in numerous cases. The statute, however, emphasizes the rule and courts should not vary from it.    *Small v. Field*, 102 Mo. 122, and cases cited.

A secondary rule is that the intention must be gathered from the terms of the will itself, unless inconsistencies or ambiguities in the language used make the intention doubtful, in which case the situation of the testator, the objects of his bounty and all surrounding circumstances may be considered.    In such case the terms of the will should be viewed from the standpoint of the testator, and his intention ascertained therefrom.    *Hall v. Stephens*, 65 Mo. 677.

The testator by the second item of the will undertakes to make provision for a grandson, at that time under two years of age, whose father, a son of the testator, was dead.    The provision is made for the most helpless object of the testator's bounty, one against whom the testator could have no feelings of resentment or ill-will.    The testator left an estate

valued at over $100,000, and five living children and the heirs of two that were dead. The share of this child, under the laws of descent and distribution of this state, would have been near $15,000. There were four other grandchildren whose parent was dead. Their ages are not shown. The father of James Garth died indebted to the testator in an amount represented by three notes, aggregating $3,750 described in the second item of the will. These were the circumstances under which the will was made.

We are now to determine what provision the testator intended to make for this infant grandchild. A legacy of $9,000 is fixed, which is to be reduced by the amount of the three notes of the father of the legatee, particularly described. These notes all, by their terms, bear interest from their date, and the question of controversy is whether the testator intended to charge against the legacy interest on these notes, and if so, whether to the death of the testator or to the date of the will. The intention is not expressed in terms and we must determine it in the light of the other provisions of the will and of the circumstances under which it was prepared.

It is apparent that the provision for this grandchild differs radically from those made for the children, and other grandchildren of the testator. To him he gives a fixed sum from which is to be deducted the notes of his father; to each of the others he gives equal portions of the entire estate, and charges each share with the notes due the estate from them respectively. If interest is to be charged on all the notes to the death of the testator, this result will be produced; while the charge against the other legatees will be increased by the accruing interest, they receive their proportion of the increase in the increased value of the estate therefrom. So that the interest is, in a

measure at least, off-set by the increased amount to which they will be entitled on distribution. They also share in the increase of the estate from other sources. So, while the debts with which they are charged are increasing, the value of the estate may also be increasing at such a rate as to enlarge, rather than diminish, the value of their shares.

On the other hand the legacy of plaintiff is fixed, and can not increase, while if interest is charged on the notes, it is diminished daily by accumulating interest which goes to increase the estate and thereby the bequests to the other distributees. Indeed, in such case had the testator lived thirteen months longer, the entire legacy would have been transferred to the estate for the benefit of the other legatees. But if the testator intended this result, he had the right to so provide, and courts should regard the intention notwithstanding the apparent injustice. Courts may interpret, but not make wills.

The remaining provisions of the will throw but little light upon item 2. That item stands as an independent provision for this infant grandchild, wholly different from the provisions for all other objects of the testator's bounty.

In reading this item it is perfectly clear that the testator intended to make, and believed he was making, some substantial provision for this grandchild, for he requires the amount of the legacy to be invested by his trustee and the interest arising from the same to be used for his "maintenance and education," and that when he arrived at twenty-one years of age "the principal" should be paid over to him. The testator knew that if interest were charged it would, in time, consume the entire legacy, and there would be no fund to invest, no provision for his education and mainte-

nance, no principal to be paid him when he commenced life's battle.

The general intention to make provision for the maintenance and education of the child, and the belief that the interest on the legacy would amount to a substantial sum is beyond any question. We therefore take the controlling intention of the testator in this item of the will to be that of making a substantial provision for this grandchild. If interest be charged on the notes to the death of the testator his intention and expectation in this respect will be thwarted. To give effect to this paramount intent does no violence to other directions contained in this item. It is true the notes to be deducted from the legacy bear interest on their face; that they are particularly described and the "amount" of them is to be deducted. But the particular description may readily have been intended to identify the notes and the word "amount" may have been used as equivalent to the word "sum" or "aggregate." It may be conceded the amount of a note ordinarily includes principal and interest, but we must interpret the meaning as used in this will by the context and with the view of carrying out the intention of the testator. The meaning the testator gave to these words should be adopted "without resorting to lexicographers to determine what the same words may mean in the abstract; or to adjudicated cases to determine what they have been decided to mean under different circumstances." *Dugans v. Livingston*, 15 Mo. 234. Particular words should be construed so as to effectuate the general intention. *Peters v. Carr*, 16 Mo. 65. In effectuating a general, clearly expressed intention, words, when necessary, may be supplied, transposed, or changed. *Nichols v. Boswell*, 103 Mo. 160. "In construing a will," says Schouler, "the predominant

idea of the testator's mind, if apparent, is heeded, as against all doubtful and conflicting provisions which might of themselves defeat it. The general intent and the particular intent being inconsistent, the latter must be sacrificed to the former." Schouler on Wills, sec. 476.

We regard the intention of the testator to make a substantial provision for his grandchild, the controlling object of this item of the will, and mere directions to be followed, in order to ascertain the amount, should be made to harmonize with the general object, if the language used will admit of it. Such construction should be given to this item as will prevent a failure of the provision intended for the maintenance and education of his grandchild under any contingencies that might occur. This can only be done by deducting the principal of the notes from the legacy. The direction to deduct the amount (sum or aggregate) of the notes can be fairly given that meaning, the different provisions of the item will be made harmonious, and a failure of the intention to make a substantial provision for the child will be prevented.

The lowest estimate placed upon the value of the estate of the testator is $100,000. He left five living children, and the heirs of two, including plaintiff, that were dead. Plaintiff is the only heir of James M. Garth, deceased. The estate, after deducting the legacy of plaintiff, was, by the will, about equally divided among his other heirs *per stirpes*. If plaintiff had been given the share to which his deceased father would have been entitled, after paying the notes, with interest to the death of the testator, his share would have amounted to over $6,000. Deducting the principal of the notes from the legacy leaves him about $5,000. Deducting principal and interest from the legacy he would have but about $750. There were four

other children of a deceased son. These received under the will each one fourth of one sixth of the residue of the estate, an amount to each of over $4,000. The grandfather evidently intended that his grandchildren should share about equally.

The testator clearly intended to treat the notes in the nature of advancements to be charged against the legacy without interest, and we so construe the second item of the will.

The judgment of the circuit court is therefore reversed and the cause remanded with directions to enter a decree in conformity with this opinion. BARCLAY, C. J., and GANTT, SHERWOOD, ROBINSON, and BRACE, JJ., concur. BURGESS, J., dissents.