Robert W. Pommer et al., Executors of Will of David I. Bushnell,
v. Catholic Church of Sheffield et al., Plaintiffs in Error.
—292 S. W. 417.

Division Two, March 14, 1927.

**1. WILL: Construction: Gifts to Individuals and Charities: Residue Pro
Rata.** A will by which the testator, after bequeathing specific amounts of
money to natural persons residing in this State and elsewhere and specific
amounts of money to five churches and a library situated in another State,
in plain words directs that the residue "be divided by my executors pro rata
among all the legatees receiving money bequests, mentioned in this will,"
includes such churches and library as sharing in the residue, and the dis-
tribution of such residue cannot be limited to the natural persons. All be-
ing legatees and all receiving money bequests, there is no rule by which the
legatees can be limited to the natural persons named.

2. ———: **Intention:. Ascertained from Language Used.** The intention of the testator must control in the construction of a will, but his intention is not to be ascertained by conjecturing what he may have intended to say, or might have done. It must be gathered from the language used. Surrounding circumstances are available only for the purpose of throwing light upon what the will says, and cannot be used to alter or modify plain and unambiguous language.

3. ———: ———: **Supplying Words.** The interpolation into the will of words or phrases which the testator did not use and which violate the effect of its plain language is not permitted. A presumed intention cannot be indulged.

—————

Corpus Juris-Cyc. References: Wills, 40 Cyc., p. 995, n. 17; p. 1388, n. 90.

Error to Circuit Court of City of St. Louis.—*Hon. Frank Landwehr,* Judge.

REVERSED AND REMANDED *(with directions)*.

*E. T.* and *C. B. Allen* for executors, defendants in error.

(1) The cardinal rule governing the construction of a will which cannot be departed from without violating the fundamental law concerning the testamentary disposition of property, is to determine as near as may be from the words used, the intent and meaning of the testator. In addition to the unambiguous meaning of the language employed, we may take into consideration the circumstances surrounding the testator at the time the will was executed, including his relation to the beneficiaries named. Schee v. Boone, 295 Mo. 221; Cook v. Higgins, 290 Mo. 402; Bernero v. Trust Co., 287 Mo. 602; Guthrie v. Crews, 286 Mo. 448; Gibson v. Gibson, 280 Mo. 519; Deacon v. Trust Co., 271 Mo. 669; Cornet v. Cornet, 248 Mo. 216; Armour v. Frey, 226 Mo. 646; Allison v. Hitchcock, 309 Mo. 494; Mitchell v. Morrisville College, 305 Mo. 466; Cox v. Jones, 229 Mo. 62; McMillan v. Hospital, 304 Mo. 645; Little v. Schaefer, 229 Mo. 531. (2) The will, therefore, should be read as near as may be from the testator's standpoint, giving effect, if possible, to every part and portion of same; and to the end of carrying out his intention, words may be supplied, omitted or sentences transposed. Schee v. Boone, 295 Mo. 221; Nicolas v. Boswell, 103 Mo. 160; Garth v. Garth, 139 Mo. 463; Bernero v. Trust Co., 287 Mo. 602; Robinson v. Crutcher, 277 Mo. 1; Gilliland v. Gilliland, 278 Mo. 99. (3) Where the testator's intention as expressed in the will is ambiguous and obscure, such construction should be adopted, if possible, as will dispose of his property in a just, natural and reasonable

manner.   The construction should be given in favor of an heir at law, next of kin or intimate friends, rather than to strangers, or persons not closely related to the testator, or for the benefit of collateral objects.   Graham v. Graham, 23 W. Va. 36; Ball v. Phelan, 94 Miss. 293, 23 L. R. A. (N. S.) 895.   (4)   Guided by these canons of construction, if the language be unambiguous, as stated, we will be enabled to determine the testator's prime or paramount intention. When that has been ascertained, words or expressions indicative or declaratory of a subordinate purpose on his part, must be so construed as to harmonize with the main, or moving, purpose in the making of the will.   Schee v. Boone, 295 Mo. 221; Brown v. Tushoff, 235 Mo. 456; Garth v. Garth, 139 Mo. 463; Peter v. Carr, 16 Mo. 54; Rose v. McHose, 26 Mo. 593.

*Wilfley, Williams, McIntyre & Nelson* for plaintiffs in error.

(1)   A petition to construe a will does not state a cause of action when it asks the court to construe only plain, clear and unambiguous language.   2 Schouler on Wills (6 Ed.) par. 1163, p. 1324; Greenough v. Greenough, 248 Ill. 416; Guess v. Straham, 106 Miss. 1; McCarty v. McCarty, 275 Ill. 579; 2 Perry on Trusts 476 (a), note 1; 28 Am. & Eng. Ency. Law (2 Ed.) 1052; Norris v. Beardsley, 62 Atl. 425; 21 C. J. 130.   (2)   A suit for the construction of a will will not be entertained where no necessity for a judicial construction thereof appears, as where the will is clear and not obscure or ambiguous.   40 Cyc. 1845; 28 R. C. L. 205; Baxter v. Baxter, 43 N. J. Eq. 82; Adams v. Becker, 8 N. Y. Supp. 260.   (3)   Plaintiffs in error were "legatees receiving money bequests" within the meaning of that phrase as used in the will, and therefore entitled to a pro rata share of the residue of the estate, and the court erred in holding to the contrary.   Crawford v. Mound Grove Cemetery Assn., 218 Ill. 410.   (4)   The appellate court will review all errors appearing upon the face of the record, e. g., pleadings, decree, etc., although no exceptions are saved nor motion for a new trial is filed.   Roden v. Helm, 192 Mo. 93; Ry. Co. v. Lewright, 113 Mo. 669; Ry. Co. v. Carlisle, 94 Mo. 166; Bateson v. Clark, 37 Mo. 34.

WHITE, J.—This suit was brought by the executors of the will of David I. Bushnell, deceased, who died April 29, 1921.   The supplemental petition upon which the decree of court was rendered, is as follows:

"Now come Robert W. Pommer, Fred B. Chamberlain and Henry A. Baker, executors of the will of David I. Bushnell, deceased, and file this, their supplemental petition, and respectfully represent to the court that:

"First. Heretofore, on the 29th day of December, 1921, said plaintiffs filed in this court a petition seeking the construction of the will of the late David I. Bushnell, making parties thereto all the legatees named in said will; that thereafter a hearing on said petition and answers thereto filed was had, and the court entered a decree on the 21st day of March, 1922, construing and interpreting such paragraphs of the will as were theretofore submitted, and by said decree it was provided. that the court reserved jurisdiction to determine all questions, issues, matters and things not thereby disposed of.

"Second. That since entering said decree there have arisen questions as regards other provisions of the will and the executors are in such grave doubt that it is necessary to again seek the aid of this court thereon to advise them of the proper construction thereof.

"Third. By said will it was provided as follows:

" 'I give and bequeath to Congregational Church of Sheffield, Massachusetts, the sum of five thousand ($5,000.00) dollars.

" 'I give and bequeath to the Methodist Church of Sheffield, Massachusetts, the sum of five thousand ($5,000.00) dollars.

" 'I give and bequeath to the Episcopal Church of Sheffield, Massachusetts, the sum of five thousand ($5,000.00) dollars.

" 'I give and bequeath to the Catholic Church of Sheffield, Massachusetts, the sum of five thousand ($5,000.00) dollars.

" 'I give and bequeath to the Friendly Union Library of Sheffield, Massachusetts, the sum of five thousand ($5,000.00) dollars.

" 'I give and bequeath to the Congregational Church of South Edgemont, Massachusetts, the sum of five thousand ($5,000.00) dollars. . . . '

"There is thereafter in said will the following provision:

" 'After paying all the legacies and amounts provided for and directed by this will, if there is a residue and remainder of my estate, I will and direct shall be divided by my executors pro rata among all the legatees receiving money bequests, mentioned in this will, first, however, giving one hundred ($100.00) dollars to each of the children of T. F. McEvers, now living at Montezuma, Illinois. If it should happen that my estate is not large enough to pay all legacies and the sums, the payment of which is provided for by this will, in full, then I direct that each legacy and each amount of money appropriated by this will shall bear its pro rata share of the loss of deficiency.'

"Fourth. That there is a residue and remainder of said estate after paying all the legacies and amounts provided for and directed by said will, which should be divided pro rata among all the legatees receiving money bequests.

"Fifth. The plaintiffs are in doubt whether or not the legatees, above mentioned, are entitled to receive a pro rata share of the residue of such estate.

"Wherefore, the plaintiffs submit said provisions of said will to the court for construction and for a determination of the questions about which they are in doubt and they respectfully pray that the court now determine whether or not the Congregational Church of Sheffield, the Methodist Church of Sheffield, the Episcopal Church of Sheffield, the Catholic Church of Sheffield, the Friendly Union Library of Sheffield and the Congregational Church of South Edgemont, all of Massachusetts, are such legatees under said will as to entitle them to a pro rata share of the residue and remainder of said estate, and for such other and further relief as to the court may seem proper."

. The bill of exceptions contains a copy of the will, which shows that in addition to the legacies mentioned in Clause Three, set out in the petition, there were numerous other bequests of money besides a number of bequests of specific chattels souvenirs and keepsakes, there being altogether more than fifty legatees. The gifts of money to legatees, other than the plaintiffs in error, were mainly to relatives and friends of the testator.

The only oral evidence introduced was that of Robert Pommer, one of the executors, who testified that after the payment of all specific legacies provided for in the will, about four hundred and fifty thousand dollars residue remained, to which the residuary clause set out in the petition would apply. If that residue were divided among all the legatees receiving money, including the plaintiffs in error, the latter would receive about thirty-eight thousand dollars, which is the amount involved in this suit. The trial court held that the direction in the residuary clause to divide the residue pro rata among all legatees receiving money bequests did not include the plaintiffs in error. The language of the decree is:

"It was the intention of David I. Bushnell that the churches hereinabove named and the Friendly Union Library were to be excluded from participation in any division of the surplus and residue of the said estate and were not to share in any such surplus, and that such residue should be divided exclusively among his personal friends and relatives therein specifically named as legatees to receive money bequests."

The plaintiffs in error did not appear to the suit and judgment was rendered against them by default. Then they sued out a writ of error in this court.

No question is raised by the defendants in error as to the right of the plaintiffs in error to have the entire proceeding of the trial court reviewed here.

I. The plain, unambiguous language of the residuary clause, if given its ordinary effect, must include the plaintiffs in error as sharing in the residuary fund. The testator directs that the residue "be divided by my executors, pro rata *among all the legatees receiving money bequests, mentioned* in this will." It

**Construction.** cannot be denied that the plaintiffs in error are legatess, nor that they received money bequests by the will. There seems to be no reason why the executors should seek a construction of language so clear and unambiguous. The general expression, "legatees receiving money bequests" is comprehensive and certainly covers the churches and the Friendly Union Library of Sheffield, as well as other legatees receiving money bequests. The will does not say "persons" receiving money bequests, but "legatees" receiving money bequests. Yet the decree of the trial court limited the division of the residue to natural persons receiving legacies by the will, and excludes the churches and the library—the plaintiffs in error.

It is argued by defendants in error that in construing the will one must take into consideration the surroundings and what must have been in the mind of the testator in making those bequests, and from the whole situation endeavor to find out what he meant to do; from such considerations we must conclude that he intended his family and friends to receive the benefit of the residue. True, the intention of the testator must control, but we are not permitted to ascertain that intention by conjecturing what he ought to have done or might have intended to do. We must gather his intention from the language which he used. It is not what he may have intended to say in the will, but what he said. It is the will itself from which we gather that intention. [Cox v. Jones, 229 Mo. 1. c. 62; 40 Cyc. 1388-1389.]

There are no surrounding circumstances in this case which throw further light upon the testator's intention. The will itself includes the entire subject of investigation.

It is argued by defendants in error that the "real" individual intention of the testator can only be given effect by supplying omitted words, by interpolating between "legatees" and "receiving money bequests," the words "my relatives and friends." The testator, a man of large property and business experience, no doubt consulted the best legal talent. He did not use language in a haphazard fashion; his will apparently was drawn with meticulous care. The phrasing was chosen to express his intention—not to obscure it. By what authority may we interpolate in the will language which he did not use and which violates the effect of the language which he did use? The testator, if he had intended the restriction of the residuary clause as mentioned, would have said so in words which could not have been misunderstood. "The testatrix is presumed to have intended the legal effect of the language used." [Lounden v. Bollam, 302 Mo. 1.

c. 495.] "It must also appear from the face of the will that the testator clearly intended to make a disposition which the supplied words will effectuate." [Bernero v. St. Louis Union Trust Co., 287 Mo. l. c. 625.]

It is not claimed that any other expression in the will throws any light upon this residuary clause, except the general gifts to individuals comprising the friends, relatives and former employees of a testator. We cannot indulge in any presumed intention as defendants ask us to do. We must rely upon the expressed intention, or intention clearly implied. There is nothing implied in the language in the residuary clause. The direction is express, direct and unequivocal.

II. On the original petition filed in this case, the court construed this residuary clause. Among the legacies provided in the will were the following:

**Gifts to Trustee.** "(1) The $5000 to Robert W. Pommer for distribution among the porters and drivers of D. I. Bushnell & Co.; (2) the $20,000 to $25,000 to be expended for the erection of a mauseleum; (3) the $50,000 to be expended for charity."

In construing the residuary clause, with reference to those bequests, it was held that the beneficiaries mentioned there should be excluded, and "that the same be divided among the various specifically named legatees, and in the event of an insufficiency or a deficiency in order to comply with the provisions of the will with reference to legacies and appropriations, that each one shall bear its pro rata part of the loss or deficiency."

The reason for the exclusion of those bequests was because the beneficiaries were not direct legatees at all. Those were sums given in trust, to be divided among certain employees or to be expended for certain specific purposes. They were not legatees receiving money bequests. Why the executors did not at that time ask to have the rights of those plaintiffs in error adjudged in respect to the residuary fund, it is difficult to say. It was an afterthought which brought into the case the supplemental petition, praying a further construction of the same clause with the resulting decree complained of.

There was no reason for filing the supplemental petition; the decree of the court construing the parts of the will set out therein was not warranted by the terms of the will.

The judgment is reversed and the cause remanded with directions that the trial court enter judgment construing the terms of the will so that the plaintiffs in error shall share in the residuary estate, as provided, with other legatees receiving money bequests. All concur.