HENRY W. OERLY ET AL., APPELLANTS, v. ELIZABETH RENKEN ET AL., RESPONDENTS.*

Kansas City Court of Appeals. December 31, 1928.

*Corpus Juris-Cyc. References: Wills, 40Cyc, p. 1892, n. 45.

*W. V. Draffen* and *Paul Barnett* for appellants.

*George D. Brownfield* and *Pendleton & Martin* for respondents.

BLAND, J.—This is a proceeding to construe the will of Katherine Schnuck, who died on December 21, 1925. The will, which was executed on September 5, 1911, provides, in part, as follows:

''First, I hereby give, devise and bequeath my estate unto my children, namely, Mary Oerly, Elizabeth Renken, Kate Smith, H. E. Schnuck, Anna Quillman and J. H. Schnuck equally, subject to a charge for any debt due me or my deceased husband's estate, for money which I have loaned to any of my children or to the husband of any of my daughters, and for which I hold their promissory note, regardless of whether said notes are barred by the Statute of Limitations or not, that is to say, that in the distribution of my estate under this will, each of my said children is hereby required to pay to my executors the amount of any such note held by me against him or her and each of my daughters shall be charged with and shall pay to my executors the amount of any such note held by me against her husband, and not until such full payment shall any of my said children so indebted or daughters whose husbands are so indebted, have any share in my estate.''

The facts show that at the time the will was made the testatrix held a note of Samuel Oerly, husband of the legatee, Mary Oerly, dated December 24, 1881, in the sum of $2100, bearing five per cent interest; that she also held the joint notes of the legatee, H. E. Schnuck, and Joseph Smith, husband of the legatee, Kate Smith. One of these notes was dated November 1, 1887, and was in the sum of $1022.90, due one day after date and expressing no rate of interest, and the other for $1845, dated October 27, 1887, and bearing interest at the rate of six per cent per annum. Before the death of the testatrix,

Mary Oerly died, leaving surviving her the plaintiffs, Henry W. Oerly, Herman H. Oerly, Frank J. Oerly, and Dora E. Friederich, who, the petition alleges, "are her only heirs at law and who represent her in the distribution of the estate of the said Katherine Schnuck under said will." Prior to the death of the testatrix, Kate Smith also died, leaving surviving her the plaintiffs, Clara Smith Phillips, Norbert Smith, Oscar Smith and Bernadine Smith, who, the petition alleges, "are her only heirs at law and who represent the said Kate Smith in the distribution of the estate of the said Katherine Schnuck under said will."

At the time of the death of testatrix she had in her possession the Smith-Schnuck notes mentioned supra, one in the sum of $1845 and the other in the sum of $1022.90. However, one-half of the Schnuck-Smith notes had been paid by the legatee, H. E. Schnuck, during the lifetime of the testatrix, the other half remaining unpaid and owing by Joseph Smith, husband of the legatee, Kate Smith, at the time of the death of testatrix. The evidence does not definitely show the amount of the estate left by the testatrix but it does show that at the time of the trial there was a balance of $10,637.62 in her estate for distribution among the legatees. There is nothing in the evidence to indicate definitely what was the amount of the estate at the time of the execution of the will. The only showing upon this point was that testatrix's estate was greater at the time of her death than at the time the will was executed. There is nothing in the testimony tending to show how much, if any, of the interest was unpaid upon the Samuel Oerly and the Smith-Schnuck notes at the time the will was executed. Evidently the entire will does not appear in the abstract for it is admitted by the parties that under the will the heirs of Mary Oerly and Kate Smith became respectively the beneficiaries of the lagacies left to their mothers. [See Philbert v. Campbell, 296 S. W. 1001, 1007; 3 Woerner, American Law of Administration, p. 1465.] The court decreed that the $2100 promissory note in question should be charged in full, both principal and interest, to the date of the death of testatrix against those plaintiffs who are the children and heirs at law of Mary Oerly, and that the unpaid half of the two Smith-Schnuck notes be charged, both principal and interest, against those plaintiffs who are the children and heirs at law of Kate Smith. Plaintiffs have appealed.

While plaintiffs admit that they were properly to be charged with the principal of the indebtedness, they contend that the court erred in charging against them the interest upon it. In support of this contention it is argued the interest upon the unpaid half of the Smith-Schnuck notes amounted to $3570.16 at the time the will was executed and if the testatrix intended that interest be charged upon them, then the will made no provision for Kate Smith as the amount of the notes

and interest would greatly exceed the amount of her share of the estate at that time; that had it been intended that interest be charged on these notes, bringing about such a result, the testatrix instead of making provisions for her said daughter, would have stated in the will that as the indebtedness of her husband, plus interest thereon, amounted to more than her share of the estate, the balance of the testatrix's estate should go to the rest of her children and, plaintiffs say, as the same situation exists as to the debt of the husband of Mary Oerly, the testatrix would have covered her case in the same way.

In this connection plaintiffs contend that the will should not be so construed as to make negatory the provision for the legatees mentioned in it. In support of this contention, plaintiffs rely largely upon the case of Garth v. Garth, 139 Mo. 456. In that case the court held, in a somewhat similar situation, that the legacy given the testator's grandchild, should not be charged with the interest on a note owing by the grandchild's father to the testator although the note on its face bore interest, for the reason that the will provided that the legacy to the grandchild should be invested by a trustee "and the interest arising from the same to be used for his (the grandchild's) maintenance and education" and that when the grandchild arrived at the age of twenty-one years, the principal should be paid over to him. The evidence showed that if the testator had lived thirteen months longer the entire legacy would have been wiped out if interest on the note had been allowed, and nothing would have been left for the maintenance and education of the grandchild. The court held that as the grandfather intended that the grandchild, who was under two years of age at the time the will was made, should be educated and supported until the child was twenty-one years of age, it was the evident intention of the testator that interest should not be charged. Of course, the facts in that case are unlike the facts in the case at bar.

The general rule applicable to a situation of the kind before us is that where the note expresses interest, the will will be construed as intending that interest should be charged unless there is something indicating a contrary intention, such as appeared in the Garth case, on the part of the testator. [See Cochran v. Cochran, 3 Pennew (Del.) 524; Cummings v. Bramhall, 120 Mass. 552; Smith v. Yancey, 81 Va. 88, 92, 93.] There is nothing in connection with this case tending to show other than that the testatrix intended that interest as well as the principal upon these notes should be charged. The will seems to provide with considerable emphasis that the amount of these notes should be charged against the daughters whose husbands were indebted to the testatrix. We think the court properly charged interest even upon the note that expressed no interest upon its face. [Cummings v. Bramhall, supra, l. c, 562.]

The facts adduced at the trial are not sufficient on which to base the argument made here by plaintiffs. There is no evidence tending to show that there was any interest due upon these notes at the time the will was made or if there was any such interest, how much. Assuming that at the time of testatrix's death, her estate amounted to $10,-637.62, although the evidence does not clearly so show, and the estate was less than this sum at the time the will was executed, yet there is nothing in the testimony tending to show how much the estate amounted to at the latter time, consequently, there is nothing to show whether the shares of Kate Smith and Mary Oerly, had deceased died at that time, would have been greater than the amount of the notes of their husbands even though no interest were charged on such note. Under all of the facts, or rather lack of facts, we think that we are justified in saying that even though it could be said that the testatrix intended that interest should not be charged upon the notes in controversy from their date to the time the will was made, she would not necessarily recite in the will that she was making no provision for her daughters, Mary Oerly and Kate Smith, on account of the fact that the indebtedness of their husbands exceeded their share in the estate, if it did. This is true whether the interest as of that date for the whole time be added to the indebtedness or not, for the reason that the testatrix might very well have anticipated that her estate would increase between the time she made her will and the time of her death (the evidence in this case shows it actually did increase), and that by the latter time her estate would have been of sufficient size to have provided something for her two daughters involved, even though interest were charged on the indebtedness of their husbands to her estate.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.