WILLIAM FLEISCHAKER, RESPONDENT, v. ALBERT FLEISCHAKER, APPELLANT, RUTH FLEISCHAKER, EMIL FLEISCHAKER, IRIS FLEISCHAKER, MEYERHART AND JACOB FLEISCHAKER, RESPONDENTS.—70 S. W. (2d) 1934.

Springfield Court of Appeals.   February 20, 1934.

Rehearing denied April 3, 1934.

*Charles M. Grayston* and *Mertsheimer & O'Donnell* for appellant.

*Frank R. Birkhead* and *McReynolds & Flannigan* for respondents.

ALLEN, P. J.—This is an action, instituted in the Circuit Court of Jasper County, Missouri, by William Fleischaker, one of the respondents, who was executor and trustee in the will of his brother, Isadore Fleischaker, deceased, who died on July 1, 1919.   The purpose of the suit is to construe said will.

The legatees in the will are the surviving children of testator, their names and ages at the date of testator's death were as follows:

Albert, the elder son, appellant, aged nineteen years, and four other children, to-wit, Ruth, a daughter, aged eighteen years, Emil, a son, aged sixteen years, Iris a daughter, aged twelve years and Jacob, a son, aged seven years, all respondents.

After reciting the will of deceased, the plaintiff's petition alleged that Jacob, the youngest son of deceased, would become twenty-one years of age within a short time, and that in anticipation of his majority, plaintiff had authority, as trustee, to make advancements to any of said children of deceased, and that there had arisen the question of the proper and correct interpretation of the will.

That it was contended by some of the heirs of deceased that they were entitled to participate share and share alike in the property of their father, which was inventoried under the will, together with the accumulation thereunder, after making proper deductions.

That it was contended by others of the heirs that it was plaintiff's duty to provide for the needs, maintenance and education of said children until Jacob, the youngest, should arrive at the age of twenty-one years "at which time all the property in said estate, then remaining on hand, real, personal and mixed, shall pass to and vest" in said children, without restriction, to be received by them in equal shares.

The petition further alleged that if the first interpretation was correct then the heirs of deceased were entitled to participate share and share alike, in the estate of their father (Isadore), but that if the second interpretation is correct it became the duty of plaintiff to educate said children and make such expenditures as were necessary for their care, maintenance and education, and that after said expenditures were made, whatever balance then remained on hand should be distributed share and share alike. To which petition Albert Fleischaker, the oldest son, answering, contends that by the terms of said will, the proper construction thereof is as first stated— that is that the heirs are entitled to participate share and share alike in the estate of deceased, as inventoried, together with the accumulation thereof, after making deductions for debts of deceased, funeral expenses, taxes, specific bequests and costs of administration, denying that the will permits of the second construction that would require the trustee to educate and maintain any of said children out of the general funds of the estate, finally, at the distribution of said estate, distributing what then remained equally, but asserted that the proper construction of the will is that the interest of each of the heirs should be a one-fifth of what remained, after paying funeral expenses, debts and cost of administration of said estate, less his or her personal advancements for education and maintenance.

Each of the other defendants, including Jacob, the minor, by his *guardian ad litem,* by answer, alleged "That the legal, true and correct interpretation and construction of said will is that it became and was the duty of the plaintiff to provide for the needs, care, maintenance, and education of the children of deceased out of the whole estate, until the youngest of said children, namely, said Jacob Fleischaker, should have arrived at the age of twenty-one years, at which time all of the property of said estate *then remaining on hand,* real, personal or mixed, should pass to and vest in said children in equal shares; and by said interpretation and construction of said will it became and was the duty of the plaintiff to care for, maintain and educate said children and to make such expenditures as were necessary and proper for their care, maintenance and education, out of

the whole of said estate, and after said expenditures were made, whatever balance remained on hand when the youngest of said children reached the age of twenty-one years should be distributed to all of said children, share and share alike.

The entry of appearance and reply, of executor and trustee, was in substance as follows:

"First: That the only issue set up in said cross-petition and which is germane thereto is the construction of the will of Isadore Fleischaker and that only in so far as William Fleischaker in his representative capacity is a proper party to the determination of that issue should this court assume jurisdiction."

At the trial of the cause, the following proceedings were had and things done in this cause:

"MR. BIRKHEAD: Is it agreed by counsel for the defendant, Albert Fleischaker, that the children of the testator, Isadore Fleischaker, living at the date of the testator's death were Albert Fleischaker, Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker, now Iris Fleischaker Meyerhardt and Jacob Fleischaker, and that the said children were born on the following dates, to-wit, Albert Fleischaker, July 18, 1900, Ruth Fleischaker, July 22, 1901, Emil Fleischaker, October 24, 1903, Iris Fleischaker, now Iris Fleischaker Meyerhardt, December 8, 1907 and Jacob Fleischaker, March 3, 1912?

"MR. GRAYSTON: We will agree to that statement of facts, without waiving our right to object to the introduction of any testimony on the ground that the will is not ambiguous.

"MR. BIRKHEAD: That is the only evidence that we desire to offer.

"MR. MERTSHEIMER: The statement is correct, but we do not believe that parole testimony under any circumstances is admissible under this particular will. It is not ambiguous, or no uncertainties in it, or anything else. The statement is correct, there is no question about as far as that is concerned.

"THE COURT: I presume the only testimony that would be admissible would be to show the condition of the relation of the parties.

"MR. MERTSHEIMER: If there were any ambiguities in the will.

"THE COURT: Well, if it is susceptible to different construction than it seems to be, why wouldn't testimony of that character be admissible?

"MR. BIRKHEAD: We offer it for the purpose of showing the situation of the parties.

"THE COURT: I think it is admissible for that purpose.

"MR. BIRKHEAD: And the surrounding circumstances.

"THE COURT: It will be admitted for that purpose only.

"To which action and ruling of the court, the defendant, Albert Fleischaker, by counsel, then and there duly excepted at the time and still excepts.

"MR. BIRKHEAD: It is further agreed between counsel for the

parties hereto, that the testator, Isadore Fleischaker, died July 1, 1919, and that his will was duly approved and probated in the Probate Court of Jasper County, Missouri.''

''Which was all of the evidence offered or introduced on the trial of the above entitled cause.''

Thereupon the following findings, judgment and decree of the court were made, found and entered in Book 65 at page 87 of the records of the Circuit Court of Jasper County, Missouri.

''. . . the court being fully advised in the premises, doth find:

''That the said Isadore Fleischaker departed this life on the 1st day of July, 1919, leaving his last will and testament which has been duly probated in the Probate Court of Jasper County in the State of Missouri; that the fourth paragraph of said will and testament of the said Isadore Fleischaker, deceased, is in words and figures as follows:

'' 'I hereby give, devise and bequeath all of the rest, residue and remainder of my property, real and personal and mixed, of every kind and character and wherever situated, after the aforesaid debts and legacies are fully paid unto my brother, Wm. Fleischaker, as trustee, to have and to hold the said in trust for the sole and exclusive use and benefit of my said children, Albert Fleischaker, Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker and Jacob Fleischaker, equally and to the effect that the legal title to all of the said residue and remainder of my property after my death shall be in my said brother as trustee, and as such trustee my said brother shall have power to sell, handle and manage the same in a business way, to collect all assets of my estate, and my said brother as such trustee shall have full power and authority to invest any and all money of my said estate, to grant, bargain and sell, convey and confirm any and all real estate of my said estate, to mortgage the same or any part thereof, and to release the same from mortgage, and to execute and deliver any and all valid deeds, deeds of trust, mortgages, promissory notes and other instruments of conveyance of transfer of such real estate or personal property of my said estate, or any parcel or portion thereof as such trustee, fully, legally and absolutely, in any manner, and at such time or times and for such considerations as he may deem fit during the continuation of said trust, always providing for the needs, maintenance and education of my said children, and to the best interests and preservation of my said estate until my said son, Jacob Fleischaker, shall have arrived at the age of twenty-one years, and if my said son Jacob should die before he is twenty-one years old, then until such time when he would be twenty-one years old if living, at which time all of the property of my said estate then remaining, real, personal and mixed, shall pass to and vest in my said children, legally, absolutely and without restriction, my said children then to receive and have the same in equal shares,

and said trust estate of my said brother therein shall then cease; provided, however, that if my said brother in his discretion shall at said time deem it for the best interests of my said children or any of them that the title to said property shall not then vest in my said children absolutely as aforesaid, then said property of said trust estate shall not pass to and vest absolutely, in my said children as aforesaid, until five years thereafter unless my said brother shall divide said property among my said children as aforesaid at some time prior to the expiration of said five years period; Provided, further, that I hereby give my said brother as such trustee full power and authority in his discretion to give and advance to any of my said children a considerable portion of his or her share of my said estate, for business purposes, at any time prior to said time or times of absolute distribution as aforesaid, and the portion so given shall be considered an advancement to such child so receiving the same and shall be deducted from his or her share at the final division or distribution of my said estate, together with interest on such advancement at the rate of five per cent per annum; it being my will that my said children shall share equally in the income of my said estate, as well as in the principal thereof.'

"The court doth further find that the said Isadore Fleischaker, deceased, by the said fourth paragraph of his last will and testament, devised and bequeathed all the rest, residue and remainder of his property, real, personal and mixed, after paying all his debts and funeral expenses and one dollar to each of his children, to his brother, Wm. Fleischaker, as trustee, to have and to hold, said property for the sole and exclusive use and benefit of his five children, to-wit: Albert Fleischaker, Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker and Jacob Fleischaker, vesting his said brother with full power to sell, handle and manage said property in a businesslike way, with full power and authority to invest, grant, bargain, sell, convey and confirm said real estate, mortgage the same, and to execute deeds of trust, mortgages and promissory notes and other instruments which are necessary for the handling of said property, and that said trust should continue until Jacob Fleischaker, the youngest child, should arrive at the age of twenty-one years, vesting the trustee with full power and authority in his discretion to continue said trust for five years after the majority of the said Jacob Fleischaker, and further directing and authorizing the said Wm. Fleischaker as executor and trustee to collect the earnings and income from said property and add the same to the trust fund and to expend from said trust estate any sums that the executor and trustee might regard as necessary for the needs, maintenance and education of the said children, Albert Fleischaker, Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker and Jacob Fleischaker, or any of them, and that all such expenditures should be charged

against the trust estate as a whole, with the further proviso that the said Wm. Fleischaker should have full power and authority in his discretion to give and advance to any of said children a portion of his or her share in said estate for business purposes at any time or times prior to the absolute distribution thereof, and that the portion so given should be considered as an advancement to such child and should be deducted from his or her share together with interest on said advancement at the rate of five per cent per annum; and that upon the termination of said trust estate at the majority of Jacob Fleischaker, or at such time thereafter within five years as the trustee might elect, the amount then remaining on hands after charging said estate with all of the expenditures necessary for the needs, maintenance and education of Albert Fleischaker, Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker and Jacob Fleischaker, and for the administration of said fund, should be distributed share and share alike among said children.

"It is further ordered, adjudged and decreed that this court interpret and construe the said fourth paragraph of the last will and testament of said Isadore Fleischaker, deceased, as follows:

"That by the terms of the fourth paragraph of his last will and testament Isadore Fleischaker, deceased, devised and bequeathed all the rest, residue and remainder of his property, real, personal and mixed, after paying all of his debts and funeral expenses and one dollar to each of his children, to his brother, Wm. Fleischaker, as trustee, to have and to hold said property for the sole and exclusive use and benefit of his five children, to-wit; Albert Fleischaker, Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker and Jacob Fleischaker, vesting his said brother with full power to sell, handle and manage said property in a business-like way, with full power and authority to invest, grant, bargain, sell, convey and confirm said real estate, mortgage the same, and to execute deeds, deeds of trust, mortgages and promissory notes and other instruments which are necessary for the handling of said property, and that said trust should continue until Jacob Fleischaker, the youngest child, should arrive at the age of twenty-one years, vesting the trustee with full power and authority in his discretion to continue said trust for five years after the majority of the said Jacob Fleischaker, and further directing and authorizing the said Wm. Fleischaker as executor and trustee to collect the earnings and income from said property and add the same to the trust fund and to expend from said trust estate any sums that the executor and trustee might regard as necessary for the needs, maintenance and education of the said children, Albert Fleischaker, Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker and Jacob Fleischaker, or any one of them, and that all of such expenditures should be charged against the trust estate as a whole, with the further proviso that said Wm. Fleischaker should have full

power and authority in his discretion to give and advance to any of said children a portion of his or her share in said estate, for business purposes, at any time or times prior to the absolute distribution thereof, and that the portion so given should be considered as an advancement to such child and should be deducted from his or her share, together with interest on said advancement at the rate of five per cent per annum; and that upon the termination of said trust estate at the majority of Jacob Fleischaker, or at such time thereafter within five years as the trustee might elect, the amount then remaining on hands after charging said estate with all of the expenditures necessary for the needs, maintenance and education of Albert Fleischaker, Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker and Jacob Fleischaker, and for the administration of said fund, should be distributed share and share alike among said children.

"That the costs herein shall be assessed and paid by the plaintiff out of the estate of Isadore Fleischaker, deceased."

From which judgment of the court, defendant, Albert Fleischaker, one of the children of deceased, appeals to this court.

In a written opinion, filed in this cause, by the Honorable R. H. Davis, the judge by whom this cause was tried, there appears amongst other things the following brief statement of his conclusion as to the facts and the legal result thereof.

"I am of the opinion that the will of the testator, Isadore Fleischaker, should be so construed as to authorize William Fleischaker, trustee and executor of said will, upon final distribution of said estate to the devisees therein named to deduct from the total amount of said estate, received by him including the income therefrom all sums and amounts expended by him in the maintenance and education of said devisees, and then distribute the remainder thereof equally between the devisees named in said will, regardless of whether one or more of said devisees may have received, from said trustee and executor, a greater sum or amount for his or her maintenance and education than the other devisees. In other words, I am of the opinion that the testator intended that the amount paid by the trustee and executor in the support, maintenance and education of any child or children of the testator should be charged against his (testator's) estate and not against the share of the child or children receiving maintenance and education," and further in said opinion the trial court cites Section 567, Revised Statutes 1929, which is as follows:

"All courts and all others concerned in the execution of last wills shall have due regard to the directions of the will and the true intent and meaning of the testator, in all matters brought before them."

From an examination of the will of deceased, heretofore appearing, this court also finds that the fourth section of said will is composed

of four definite and distinct provisions, which for convenience and a better understanding, we separate and quote as follows:

"First: I give, devise and bequeath all the rest, residue and remainder of my property, real, personal and mixed, of every kind and character and wherever situated . . . unto my brother Wm. Fleischaker as trustee to Have and To Hold the same in trust for the sole and exclusive use and benefit of my said children (Albert, Ruth, Emil, Iris and Jacob) equally, and to the effect that the legal title to all of said residue and remainder of my property, after my death shall be in my said brother as trustee and as such trustee my said brother shall have full power to sell, handle and manage the same in a business way," to collect assets, invest money, sell and convey, mortgage and release the same, execute and deliver deeds, mortgages, notes and other instruments of conveyance, etc.

Second: "Always providing from my said estate, for the needs, maintenance and education of my said children, and to the best interests and preservation of my said estate, until my said son Jacob Fleischaker, shall have arrived at the age of twenty-one years, and if my said son Jacob, should die before he is twenty-one years old, then until such time when he would be twenty-one years old if living, at which time all of the property of my said estate *then remaining*, real, personal and mixed shall pass to and vest in my said children, legally, absolutely and without restriction, my said children then to receive and have the same in equal shares and said trust estate of my said brother therein shall then cease."

Third: "Provided, However, that if my said brother, in his discretion, shall at said time deem it for the best interests of my said children or any of them that the ·title to said property shall not then vest in my said children absolutely as aforesaid, then said property·of said trust estate shall not pass to and vest absolutely in my said children, as aforesaid, until five years thereafter, unless my. said brother shall divide said property among my said children as aforesaid at some time prior to the expiration of said five year period."

Fourth: "I. hereby· give, devise and bequeath all of the rest, residue and remainder of my property, real, personal and mixed, of every kind and character and wherever situated, after the aforesaid debts. and legacies are fully paid, unto my brother, Wm. Fleischaker, as Trustee, To Have and To Hold the same in Trust for the sole and exclusive use and benefit of my said children, Albert Fleischaker, Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker, and Jacob Fleischaker (equally) and to the effect that the legal title to all of said residue and remainder of my property after my death be in my said brother as Trustee, and as such Trustee my said brother shall have full power to sell, handle and manage the same."

It will be seen from the foregoing analysis of the second paragraph of the fourth section of the will of deceased, that the said second

paragraph providing for the maintenance and education of the children of deceased, and the payment therefor, is as expressed in the opinion and finding of facts by the trial judge, the sole and only issue submitted to the court, or to be considered by this court.

That is, does the will of deceased provide that the maintenance and education of the five minor children of deceased be borne out of the entire estate of deceased, until Jacob the youngest child, shall have reached the age of twenty-one years? We think that Section 567, Revised Statutes 1929, heretofore mentioned, is fully sufficient as an unerring rule and guide for this court, in the construction of the will of deceased. Recurring to the language of the statute it appears to us that no more definite directions could be given us, for such construction than the following words in said section:

"All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them."

The will in evidence as usual, is somewhat verbose, but the second paragraph of the fourth section in and of itself appears to be a complete direction for the construction and meaning of the will, and that by any clear process of reasoning, the intention of the testator as therein expressed, cannot be other than definite and certain.

To the end that the meaning and intention of the testator be made clear, it is in our opinion not necessary that any interpolation of words be made in the second paragraph of section four of the will, however, if the words "from my said estate" be interpolated after the first two words "always providing," the first two lines would read as follows: "Always providing (from my said estate) for the needs, maintenance and education of my said children . . . until my said son Jacob Fleischaker, shall have arrived at the age of twenty-one years and if my said son Jacob should die before he is twenty-one years old, then until such time when he would be twenty-one years old if living, at which time all of the property of my said estate *then remaining* . . . shall pass to and vest in my said children, legally, absolutely and without restriction, my said children *then to receive* and have the same in equal shares, and said trust estate of my said brother therein shall then cease."

It is urged by respondents that the first thing to be ascertained in the effort to properly construe the will, is what was meant by the testator in framing the same, and that if his meaning and intention are not in violation of any rule of law, they must be carried out and executed, citing Section 567, Revised Statutes 1929. [Carr v. Dings, 58 Mo. 400; Allison v. Chaney, 63 Mo. 279; Garth v. Garth, 139 Mo. 456; Cross v. Hoch, 149 Mo. 325; McMillan v. Farrow, 141 Mo. 55; Bryant v. Garretson, 150 Mo. 655; Trigg v. Trigg (Mo.), 192 S. W. 1011; Grace v. Perry, 197 Mo. 550; Cox v. Jones, 229 Mo. 53;

Doneghy v. Robinson (Mo.), 210 S. W. 665; Schouler on Wills, sec. 476.]

The cardinal rule in the interpretation of a will is that the intention of the testator, as gathered from the whole instrument, shall control, and in arriving at such intention the relation of the testator to the beneficiaries and the circumstances surrounding him at the time of its execution may be taken into consideration. [Sec. 567, R. S. 1929; 28 R. C. L. 211, 40 Cyc. 1386; Clotille v. Lutz, 157 Mo. 439; McMillan v. Farrow, 141 Mo. 55; Cross v. Hoch, 149 Mo. 325; O'Day v. O'Day, 193 Mo. 63; Cox v. Jones, supra; Doneghy v. Robinson, supra; Bond v. Riley (Mo.), 296 S. W. 401; Snow v. Ferril (Mo.), 8 S. W. (2d) 1008.]

The paramount intent of testator once ascertained controls all expressions of a secondary intent. In case of doubt, a will should be construed in favor of a general or primary intention rather than a particular or secondary one. If there is a repugnancy, that clause should prevail which most nearly appears to be the intention of the testator as gathered from the rest of the will. [40 Cyc. Wills, pp. 1393, 1404; R. S. 1929, Sec. 567; Mo. Baptist Sanitarium v. McCune, 112 Mo. App. 332; Garth v. Garth, 139 Mo. 456, 41 S. W. 238; Brown v. Tuschoff, 235 Mo. 449, 138 S. W. 497; Schee v. Boone, 295 Mo. 212, 243 S. W. 882; Pommer v. Catholic Church, 316 Mo. 1016, 292 S. W. 417; Philbert v. Campbell, 317 Mo. 556, 296 S. W. 1001; Crowson v. Crowson (Mo.), 19 S. W. (2d) 634; Robert v. Mercantile Trust Co. (Mo.), 23 S. W. (2d) 32; Bond v. Riley, 317 Mo. 594, 296 S. W. 401; Ackerman v. Haumueller, 148 Mo. App. 400, 128 S. W. 51; State v. McVeigh, 181 Mo. App. 566; Underwood v. Cave, 176 Mo. 1, 75 S. W. 451.]

Many cases upon the subject of the proper rule for the construction of wills are cited in the briefs of the respective parties to this cause. However, they universally hold to the doctrine stated in the briefs of both appellant and respondents, to-wit, that "The cardinal rule in the interpretation of a will is that the intention of the testator as gathered from the whole instrument, shall control, and in arriving at such intention the relation of the testator to the beneficiaries and the circumstances surrounding him at the time of the execution of the will may be taken into consideration."

We may be aided by considering the whole case upon the basis of the rule last above mentioned, together with the succinct statements thereof by Judge Lamm, in the case of Cox v. Jones, 229 Mo. 53, l. c. 62, 63, 129 S. W. 495, as follows:

"(a) The best interpreter of a will (all its separate parts being considered) is the will itself. The language of wills is rarely the same, hence each will stands largely on its own terms, and cases construing wills are rarely of universal application."

"(d) The intention of the testator is the soul of the will" . . .

"(e) In seeking the soul of a will, to-wit the intent and meaning of the testator, the court will read the will from the standpoint of the testator as near as may be, considering the relations of the testator to the beneficiaries named and the circumstances surrounding him when it was made, mindful that the sense of the testator's words is to be taken from the occasion of speaking them, that a will is completed by death and speaks from that time; and that the words used are to be understood as having the meaning and sense indicated by the whole instrument. Every clause of the will must be given effect if that be possible, and to this end, if need be (and only then) words may be supplied or omitted and sentences transposed."

While we do not deem it necessary to a clear understanding of the second paragraph of the fourth section of said will, that there be added the words "from my said estate" immediately after the words "Always providing" with which said second paragraph begins, yet their interpolation is in strict accord with the entire second paragraph, concluding as it does with the plain provision that after the youngest son shall have reached the age of twenty-one years, if dead then, at the date, when if living he would have reached such age, the property then remaining shall pass to said children, in equal shares, since with the exception of the previous clause providing for the duties of the trustees, the second paragraph providing for the education of the children who were then all minors, and that part of the second paragraph of said second section, providing for the final distribution, which from there to the conclusion of the will is the controlling declaration of testator, upon that subject.

We are therefore from the provisions found within the four corners of the will, of the opinion that the provision for maintaining and educating the minor children out of the whole estate, was uppermost in the mind of the testator and clearly his intention. Upon which finding, we are in the light of their minority at the time of the execution of the will, fully convinced that it was the very evident intent of the testator, that his children, then all minors, should be maintained and educated, until the youngest had reached the age of twenty-one years, out of the common family fund, as would have been done had the father survived, until that time. To that end the deceased, relying upon the judgment and discretion of his brother, William, entrusted his estate to him as trustee, with the express purpose and intention of deceased, that the expenses of the maintenance and education of each and all of the children should be borne out of the estate of deceased, that is out of the whole of said estate, until such time as the youngest child should attain his majority.

The fact of the selection and appointment by testator of his brother, as the executor and trustee without bond, in either capacity, is to this court very convincing evidence that deceased had in mind two things, to him of great importance:

First: Faith and confidence in good judgment and integrity of his brother.

Second: That upon such judgment he relied with implicit confidence, that the maintenance and education of his minor children would be accomplished wisely and to that end the discretion of his brother, he fully trusted; and further we are persuaded from the circumstances of their various ages in addition to what appears to us a reasonable construction of the meaning of paragraph two (2) of section four (4) of the will that it was to that end and to the realization thereof, that the father thought primarily of the importance of their maintenance and education while yet in minority. Therefore, being admonished by the directions of Section 567, Revised Statutes 1929, we cannot escape the responsibility enjoined upon us "That we 'shall have due regard to the directions of the will and the true intent and meaning of the testator.' "

With that admonition in mind and the facts before us as we have stated, it is our conclusion that the judgment of the circuit court should be, and the same is affirmed. *Smith* and *Bailey, JJ.,* concur.